FILED

Ernest Fernandez & Geraldine Emily Mendoza
3217 W. Cabot Drive #1
Anaheim, CA 92804
714.471.5728

2021 NOV 15 PM 12:59

Defendants In Pro Per

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

Janet Lee Frazier as Trustee of the Janet Lee Frazier Trust,

         Plaintiff(s),

vs.

Ernest Fernandez, Geraldine Emily Mendoza, DOES 1 To 5,

         Defendant(s).

CASE: 8:21-cv-01887-DOC-DFM

NOTICE OF REMOVAL

TO THE CLERK OF THE ABOVE-TITLED COURT AND THE HONORABLE UNITED STATES DISTRICT JUDGE:

Please Take Notice that defendants Ernest Fernandez & Geraldine Emily Mendoza ("Defendant") hereby remove to this Court the above-captioned action described further below:

**I.  THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED.**

Plaintiff, Janet Lee Frazier as Trustee of the Janet Lee Frazier Trust, ("Plaintiff") filed an unlawful detainer action in the Superior Court of California, County of Orange, entitled:

NOTICE OF REMOVAL

Janet Lee Frazier as Trustee of the Janet Lee Frazier Trust

vs

Ernest Fernandez, Geraldine Emily Mendoza, DOES 1 To 5

Defendant's Answer to the complaint for unlawful detainer was based on a defective Notice to quit. A copy of the relevant pleadings, i.e., summons, complaint, and Answer are attached hereto as "Exhibit A."

1. This removal is therefore timely because it is not barred by the provisions of 28 U.S.C. § 1446(b).

2. There are no other named Defendants in the action.

3. No previous request has been made for the relief requested.

4. The Superior Court of California for the County of Orange is located within the Central District of California. Sec 28 U.S.C. § 84(c)(1). Thus, venue is proper in this Court because it is the "district and divisions embracing the place where such action is pending." 28 U.S.C. § 1441(a).

5. This Action is removable to the instant Court because it originally could have been filed in this Court pursuant to 28 U.S.C. § 1441(a) and/or (b). The complaint presents federal questions. Supplemental jurisdiction exists with respect to any remaining claims pursuant to U.S.C. § 1367.

## II.  FEDERAL QUESTION: REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §1331 and §1441.

7. The complaint for Unlawful Detainer is subject to strict notice requirements.

8. Defendant filed the Answer to the complaint based on a Notice to Quit, that failed to comply with *Code of Civil Procedure* § 1161(2).

9. Notwithstanding said violation of *Code of Civil Procedure* § 1161(2), the Superior Court for the County of Orange did not sustain the Answer.

10. Federal question exists because Defendant's Answer, a pleading depends on the determination of Defendant's rights and Plaintiff's duties under federal law.

NOTICE OF REMOVAL

Wherefore Defendants respectfully removes this action from the California Superior Court for the County of Orange this Court pursuant to 28 United States Code Sections 1331 and 1441.

Dated: 11/15/21

By: _____

_____

Ernest Fernandez & Geraldine Emily Mendoza
Defendants, In Pro-Per

NOTICE OF REMOVAL

# EXHIBIT A

Electronically Filed by Superior Court of California, County of Orange, 09/20/2021 01:29:14 PM.
30-2021-01222055-CL-UD-CJC - ROA # 5 - DAVID H. YAMASAKI, Clerk of the Court By Katie Trent, Deputy Clerk.

**SUM-130**

# SUMMONS
## (CITACIÓN JUDICIAL)
### UNLAWFUL DETAINER-EVICTION
### (RETENCIÓN ILÍCITA DE UN INMUEBLE-DESALOJO)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Ernest Fernandez, Geraldine Emily Mendoza, Does 1 to 5

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Janet Lee Frazier as Trustee of the Janet Lee Frazier Trust

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 5 days. You have 5 DAYS, not counting Saturdays and Sundays and other judicial holidays, after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.

A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courts.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services website (www.lawhelpca.org), the California Courts Online Self-Help Center (www.courts.ca.gov/selfhelp), or by contacting your local court or county bar association.

*¡AVISO! Usted ha sido demandado. Si no responde dentro de 5 días, el tribunal puede emitir un fallo en su contra sin una audiencia. Una vez que le entreguen esta citación y papeles legales, solo tiene 5 DÍAS, sin contar sábado y domingo y otros días feriados del tribunal, para presentar una respuesta por escrito en este tribunal y hacer que se entregue una copia al demandante.*

*Una carta o una llamada telefónica no lo protege. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no presenta su respuesta a tiempo, puede perder el caso por falta de comparecencia y se le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados local.*

**FEE WAIVER:** If you cannot pay the filing fee, ask the clerk for a fee waiver form. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*EXENCIÓN DE CUOTAS: Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos con un gravamen sobre cualquier cantidad de $10,000 ó más recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desestimar el caso.*

---

**CASE NUMBER** *(número del caso):*
30-2021-01222055-CL-UD-CJC

Judge Carmen Luege

1. The name and address of the court is:
   *(El nombre y dirección de la corte es):*
   Central Justice Center
   700 Civic Center Drive West
   Santa Ana, CA 92701

2. The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
   Steven D. Silverstein                Steven D. Silverstein
   14351 Red Hill Ave., Suite G         (714) 832-3651
   Tustin, CA 92780

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
SUM-130 [Rev. September 1, 2019]

**SUMMONS-UNLAWFUL DETAINER-EVICTION**

Code of Civil Procedure, §§ 412.20, 415.456, 1167
www.courts.ca.gov

FRAZIER, JANET

**SUM-130**

| PLAINTIFF (Name): Janet Lee Frazier as Trustee of the Janet Lee Frazier T | CASE NUMBER: 30-2021-01222055-CL-UD-CJC |
|---|---|
| DEFENDANT (Name): Ernest Fernandez | |

3. *(Must be answered in all cases)* An **unlawful detainer assistant** (Bus. & Prof. Code, §§ 6400-6415) [X] did not [ ] did for compensation give advice or assistance with this form. *(If plaintiff has received any help or advice for pay from an unlawful detainer assistant, complete item 6 on the next page.)*

4. **Unlawful detainer assistant** *(complete if plaintiff has received any help or advice for pay from an unlawful detainer assistant):*
   a. Assistant's name:
   b. Telephone no.:
   c. Street address, city, and zip:

   d. County of registration:
   e. Registration no.:
   f. Registration expires on *(date):*

Date: 09/20/2021
(Fecha) DAVID H. YAMASAKI, Clerk of the Court

Clerk, by *Katie Trent*, Katie Trent, Deputy
(Secretario) (Adjunto)

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (form POS-010)).*

5. **NOTICE TO THE PERSON SERVED:** You are served
   a. [ ] as an individual defendant.
   b. [ ] as the person sued under the fictitious name of *(specify):*
   c. [ ] as an occupant.
   d. [ ] on behalf of *(specify):*
      under: [ ] CCP 416.10 (corporation). [ ] CCP 416.60 (minor).
      [ ] CCP 416.20 (defunct corporation). [ ] CCP 416.70 (conservatee).
      [ ] CCP 416.40 (association or partnership). [ ] CCP 416.90 (authorized person).
      [ ] CCP 415.46 (occupant). [ ] other *(specify):*
   e. [ ] by personal delivery on *(date):*

SUM-130 [Rev. September 1, 2019]        **SUMMONS-UNLAWFUL DETAINER-EVICTION**        Page 2 of 2

CEB | Essential Forms

FRAZIER, JANET

Electronically Filed by Superior Court of California, County of Orange, 09/20/2021 01:29:14 PM.
30-2021-01222055-CL-UD-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Katie Trent, Deputy Clerk.

**UD-100**

| ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER: | FOR COURT USE ONLY |
|---|---|---|
| NAME: Steven D. Silverstein #86466 | | |
| FIRM NAME: Steven D. Silverstein | | |
| STREET ADDRESS: 14351 Red Hill Ave., Suite G | | |
| CITY: Tustin  STATE: CA  ZIP CODE: 92780 | | |
| TELEPHONE NO.: (714) 832-3651  FAX NO.: (714) 832-7781 | | |
| EMAIL ADDRESS: evictions@stevendsilverstein.com | | |
| ATTORNEY FOR (name): Plaintiff | | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Central Justice Center

PLAINTIFF: Janet Lee Frazier as Trustee of the Janet Lee Frazier Trust
DEFENDANT: Ernest Fernandez, Geraldine Emily Mendoza
[X] DOES 1 TO 5

**COMPLAINT - UNLAWFUL DETAINER***
[X] COMPLAINT   [ ] AMENDED COMPLAINT (Amendment Number):

CASE NUMBER: 30-2021-01222055-CL-UD-CJC
Assigned for All Purposes
Judge Carmen Luege

**Jurisdiction** (check all that apply):
[X] ACTION IS A LIMITED CIVIL CASE
Amount demanded   [X] does not exceed $10,000.
                  [ ] exceeds $10,000 but does not exceed $25,000.
[ ] ACTION IS AN UNLIMITED CIVIL CASE (amount demanded exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint or cross-complaint (check all that apply):
   [ ] from unlawful detainer to general unlimited civil (possession not in issue).   [ ] from limited to unlimited.
   [ ] from unlawful detainer to general limited civil (possession not in issue).     [ ] from unlimited to limited.

1. PLAINTIFF (name each):
   Janet Lee Frazier as Trustee of the Janet Lee Frazier Trust

   alleges causes of action against DEFENDANT (name each):
   Ernest Fernandez
   Geraldine Emily Mendoza

2. a. Plaintiff is   (1) [ ] an individual over the age of 18 years.   (4) [ ] a partnership.
                    (2) [ ] a public agency.                            (5) [ ] a corporation.
                    (3) [X] other (specify): Trustee of the Trust

   b. [ ] Plaintiff has complied with the fictitious business name laws and is doing business under the fictitious name of (specify):

3. The venue is the court named above because defendant named above is in possession of the premises located at (street address, apt. no., city, zip code, and county):
   3217 W. Cabot Drive #1
   Anaheim CA 92804
   Orange

   b. The premises in 3a are (check one)
   (1) [X] within the city limits of (name of city): Anaheim
   (2) [ ] within the unincorporated area of (name of county):

   c. The premises in 3a were constructed in (approximate year): 1964

4. Plaintiff's interest in the premises is   [X] as owner   [ ] other (specify):

5. The true names and capacities of defendants sued as Does are unknown to plaintiff.

*NOTE: Do not use this form for evictions after sale (Code Civ. Proc., § 1161a).

Page 1 of 4

Form Approved for Optional Use
Judicial Council of California
UD-100 [Rev. September 1, 2020]

**COMPLAINT - UNLAWFUL DETAINER**

Civil Code, § 1940 et seq.
Code of Civil Procedure §§ 425.12, 1166
www.courts.ca.gov

CEB® Essential Forms

FRAZIER, JANET

| | UD-100 |
|---|---|
| PLAINTIFF: Janet Lee Frazier as Trustee of the Janet Lee Frazier Trust <br> DEFENDANT: Ernest Fernandez, Geraldine Emily Mendoza | CASE NUMBER: |

6. a. On or about (date): 04/15/2019
   defendant (name each):
   Ernest Fernandez
   Geraldine Emily Mendoza
   (1) agreed to rent the premises as a ☐ month-to-month tenancy ☒ other tenancy (specify): 12 months, 16 days
   (2) agreed to pay rent of $ 2,250.00 payable ☒ monthly ☐ other (specify frequency):
   (3) agreed to pay rent on the ☒ first of the month ☐ other day (specify):
   b. This ☒ written ☐ oral agreement was made with
   (1) ☐ plaintiff.    (3) ☐ plaintiff's predecessor in interest.
   (2) ☐ plaintiff's agent.    (4) ☒ Other (specify): Trustee of the Trust
   c. ☐ The defendants not named in item 6a are
   (1) ☐ subtenants.
   (2) ☐ assignees.
   (3) ☐ Other (specify):
   d. ☒ The agreement was later changed as follows (specify):
   Upon expiration of the lease, tenancy became month to month. Rent was increased to $2,350.00 per month.
   e. ☒ A copy of the written agreement, including any addenda or attachments that form the basis of this complaint, is attached and labeled Exhibit 1. (Required for residential property, unless item 6f is checked. See Code Civ. Proc., § 1166.)
   f. ☐ (For residential property) A copy of the written agreement is not attached because (specify reason):
   (1) ☐ the written agreement is not in the possession of the landlord or the landlord's employees or agents.
   (2) ☐ this action is solely for nonpayment of rent (Code Civ. Proc., § 1161(2)).

7. The tenancy described in 6 (complete (a) or (b))
   a. ☐ is not subject to the Tenant Protection Act of 2019 (Civil Code, § 1946.2). The specific subpart supporting why tenancy is exempt is (specify):
   b. ☒ is subject to the Tenant Protection Act of 2019.

8. (Complete only if item 7b is checked. Check all applicable boxes.)
   a. ☒ The tenancy was terminated for at-fault just cause (Civil Code, § 1946.2(b)(1)).
   b. ☐ The tenancy was terminated for no-fault just cause (Civil Code, § 1946.2(b)(2)) and the plaintiff (check one)
      (1) ☐ waived the payment of rent for the final month of the tenancy, before the rent came due, under section 1946.2(d)(2), in the amount of $
      (2) ☐ provided a direct payment of one month's rent under section 1946.2(d)(3), equaling $ to (name each defendant and amount given to each):
   c. ☐ Because defendant failed to vacate, plaintiff is seeking to recover the total amount in 8b as damages in this action.

a. ☒ Defendant (name each): Ernest Fernandez
                           Geraldine Emily Mendoza

was served the following notice on the same date and in the same manner:
   (1) ☐ 3-day notice to pay rent or quit      (5) ☐ 3-day notice to perform covenants or quit
   (2) ☐ 30-day notice to quit                    (not applicable if item 7b checked)
   (3) ☐ 60-day notice to quit                 (6) ☐ 3-day notice to quit under Civil Code, § 1946.2(c)
   (4) ☐ 3-day notice to quit                       Prior required notice to perform covenants served (date):
                                               (7) ☒ Other (specify): Notice To Quit

D-100 [Rev. September 1, 2020]   **COMPLAINT - UNLAWFUL DETAINER**   Page 2 of 4

CEB Essential eb.com Forms

FRAZIER, JANET

UD-100

| | |
|---|---|
| PLAINTIFF: Janet Lee Frazier as Trustee of the Janet Lee Frazier Trust<br>DEFENDANT: Ernest Fernandez, Geraldine Emily Mendoza | CASE NUMBER: |

9. b. (1) On *(date):* 09/17/2021     the period stated in the notice checked in 9a expired at the end of the day.
   (2) Defendants failed to comply with the requirements of the notice by that date.
  c. All facts stated in the notice are true.
  d. [X] The notice included an election of forfeiture.
  e. [X] A copy of the notice is attached and labeled Exhibit 2. *(Required for residential property. See Code Civ. Proc., § 1166. When Civil Code, § 1946.2(c), applies and two notices are required, provide copies of both.)*
  f. [ ] One or more defendants were served (1) with the prior required notice under Civil Code, § 1946.2(c), (2) with a different notice, (3) on a different date, or (4) in a different manner, as stated in Attachment 10c. *(Check item 10c and attach a statement providing the information required by items 9a–e and 10 for each defendant and notice.)*

10. a. [X] The notice in item 9a was served on the defendant named in item 9a as follows:
   (1) [ ] By personally handing a copy to defendant on *(date):*
   (2) [ ] By leaving a copy with *(name or description):*
     a person of suitable age and discretion, on *(date):*               at defendant's
     [ ] residence   [ ] business   AND mailing a copy to defendant at defendant's place of residence
     on *(date):*          because defendant cannot be found at defendant's residence or usual place of business.
   (3) [X] by posting a copy on the premises on *(date):* 09/14/2021
     [X] AND giving a copy to a person found residing at the premises AND mailing a copy to defendant at the premises
     on *(date):* 09/14/2021
     (a) [ ] because defendant's residence and usual place of business cannot be ascertained OR
     (b) [X] because no person of suitable age or discretion can be found there.
   (4) [ ] *(Not for 3-day notice; see Civil Code, § 1946, before using)* By sending a copy by certified or registered mail addressed to defendant on *(date):*
   (5) [ ] *(Not for residential tenancies; see Civil Code, § 1953, before using)* In the manner specified in a written commercial lease between the parties
  b. [ ] *(Name):*
   was served on behalf of all defendants who signed a joint written rental agreement.
  c. [ ] Information about service of notice on the defendants alleged in item 9f is stated in Attachment 10c.
  d. [X] Proof of service of the notice in item 9a is attached and labeled Exhibit 3.

11. [ ] Plaintiff demands possession from each defendant because of expiration of a fixed-term lease.
12. [ ] At the time the 3-day notice to pay rent or quit was served, the amount of rent due was $
13. [X] The fair rental value of the premises is $     78.33 per day.
14. [ ] Defendant's continued possession is malicious, and plaintiff is entitled to statutory damages under Code of Civil Procedure section 1174(b). *(State specific facts supporting a claim up to $600 in Attachment 14.)*
15. [X] A written agreement between the parties provides for attorney fees.
16. [ ] Defendant's tenancy is subject to the local rent control or eviction control ordinance of *(city or county, title of ordinance, and date of passage):*

   Plaintiff has met all applicable requirements of the ordinances.

17. [X] Other allegations are stated in Attachment 17.
18. Plaintiff accepts the jurisdictional limit, if any, of the court.

## VERIFICATION

STATE OF CALIFORNIA, COUNTY OF ORANGE

I have read the foregoing: PLAINTIFF'S MANDATORY COVER SHEET AND SUPPLEMENTAL ALLEGATION – UNLAWFUL DETAINER, and know of its contents.

[ ] I am a party to this action. The matters stated in the foregoing document are true to my knowledge except as to those matters which are stated on information and belief, and as to those matter, I believe them to be true. I have read the PLAINTIFF'S MANDATORY COVER SHEET AND SUPPLEMENTAL ALLEGATION – UNLAWFUL DETAINER and believe all the facts contained, are true and correct.

[X] I am a TRUSTEE OF THE TRUST. The matters stated in the foregoing document are true to my knowledge except as to those matters which are stated on information and belief, and as to those matters, I believe them to be true. I have read the PLAINTIFF'S MANDATORY COVER SHEET AND SUPPLEMENTAL ALLEGATION – UNLAWFUL DETAINER and believe all the facts contained, are true and correct.

[ ] I am an OFFICER OF THE CORPORATION, a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true. I have read the PLAINTIFF'S MANDATORY COVER SHEET AND SUPPLEMENTAL ALLEGATION – UNLAWFUL DETAINER and believe all the facts contained, are true and correct.

[ ] I am an MANAGING MEMBER OF THE LLC, a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true. I have read the PLAINTIFF'S MANDATORY COVER SHEET AND SUPPLEMENTAL ALLEGATION – UNLAWFUL DETAINER and believe all the facts contained, are true and correct.

[ ] I am an HOLDER OF THE MASTER LEASE, a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true. I have read the UNLAWFUL DETAINER SUMMONS AND COMPLAINT and believe all the facts contained, are true and correct.

Executed on 9/20/2021, at Rancho Santa Margarita California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

JANET FRAZIER                                    *(signed) Janet Frazier*
Type or Print Name                               Signature

|  |  | UD-105 |
|---|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY<br>NAME: Jose Fernandez<br>FIRM NAME:<br>STREET ADDRESS: 2476 St. Clair Avenue, Unit A<br>CITY: Simi Valley  STATE: CA  ZIP CODE: 93063<br>TELEPHONE NO: (805) 603-5177  FAX NO:<br>E-MAIL ADDRESS:<br>ATTORNEY FOR (name): IN PRO PER | STATE BAR NUMBER: | FOR COURT USE ONLY<br><br>**FILED**<br>by Superior Court of California<br>County of Ventura<br>09/20/2021<br>Brenda L. McCormick<br>Executive Officer and Clerk<br><br>Joan Foster<br>Deputy Clerk |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF VENTURA<br>STREET ADDRESS: 800 South Victoria Avenue<br>MAILING ADDRESS: 800 South Victoria Avenue<br>CITY AND ZIP CODE: Ventura, CA 93009<br>BRANCH NAME: Ventura Courthouse | | |
| PLAINTIFF: JBR MANAGEMENT COMPANY ) LLC., A CALIF LIMITED LIABILITY CO.<br>DEFENDANT: JOSE FERNANDEZ | | |
| **ANSWER—UNLAWFUL DETAINER** | | CASE NUMBER:<br>56-2021-00555541-CL-UD-VTA |

1. Defendant (all defendants for whom this answer is filed must be named and must sign this answer unless their attorney signs)
   **JOSE FERNANDEZ**

   answers the complaint as follows:

2. **DENIALS** (Check ONLY ONE of the next two boxes.)

   a. ☐ General Denial (Do not check this box if the complaint demands more than $1,000.)
      Defendant generally denies each statement of the complaint and of the Mandatory Cover Sheet and Supplemental Allegations—Unlawful Detainer (form UD-101).

   b. ☒ Specific Denials (Check this box and complete (1) and (2) below if complaint demands more than $1,000.)
      Defendant admits that all of the statements of the complaint and of the Mandatory Cover Sheet and Supplemental Allegations—Unlawful Detainer (form UD-101) are true EXCEPT:

      (1) Denial of Allegations in Complaint (Form UD-100 or Other Complaint for Unlawful Detainer)
         (a) Defendant claims the following statements of the complaint are false (state paragraph numbers from the complaint or explain below or, if more room needed, on form MC-025):
            ☐ Explanation is on form MC-025, titled as Attachment 2b(1)(a).
            paragraph numbers: 7-10

         (b) Defendant has no information or belief that the following statements of the complaint are true, so defendant denies them (state paragraph numbers from the complaint or explain below or, if more room needed, on form MC-025).
            ☐ Explanation is on form MC-025, titled as Attachment 2b(1)(b).

      (2) Denial of Allegations in Mandatory Cover Sheet and Supplemental Allegations—Unlawful Detainer (form UD-101)
         (a) ☒ Defendant did not receive plaintiff's Mandatory Cover Sheet and Supplemental Allegations (form UD-101) (If not checked, complete (b) and (c).)

         (b) Defendant claims the following statements on the Mandatory Cover Sheet and Supplemental Allegations—Unlawful Detainer (form UD-101) are false (state paragraph numbers from form UD-101 or explain below or, if more room needed, on form MC-025) ☐ Explanation is on form MC-025, titled as Attachment 2b(2)(b)

         (c) Defendant has no information or belief that the following statements on the Mandatory Cover Sheet and Supplemental Allegations—Unlawful Detainer (form UD-101) are true, so defendant denies them (state paragraph numbers from form UD-101 or explain below or, if more room needed, on form MC-025):
            ☐ Explanation is on form MC-025, titled as Attachment 2b(2)(c).

Form Approved for Optional Use
Judicial Council of California
UD-105 [Rev. February 10, 2021]          ANSWER—UNLAWFUL DETAINER          Page 1 of 3
                                                                           Civil Code § 1940 et seq.
                                                                           Code of Civil Procedure §§ 425.12,
                                                                           1161 et seq., 1179.01 et seq.
                                                                           www.courts.ca.gov